UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CRIMINAL NO. 22-1657 MIS |
| | ) |
| GENE SOTELO, | ) |
| | ) |
| Defendant. | ) |

UNITED STATES OF AMERICA'S SEALED
RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM

The United States of America hereby files this response in opposition to Defendant's "Sentencing Memorandum" ("Motion"). ECF No. 29. For the reasons that follow, Defendant's request for a downward variance should be denied and Defendant should be sentenced to the top of the guideline range - 41 months incarceration.

I.   BACKGROUND AND DEFENDANT'S MOTION

The United States Probation Office has scored Defendant's guideline range as 41 to 51 months incarceration based on Defendant's criminal history category of VI and his total offense level of 15. *See* Presentence Investigation Report ("PSR") ¶ 67, ECF No. 23. As Defendant notes in his Motion, U.S. Probation recently stipulated that he will receive a two-level reduction for being a minor participant in addition to the above, which will place him in a guideline range of 33 to 41 months. *See* Def.'s Mot. 3, ECF No. 29.

In his Motion, Defendant makes two related requests to this Court. First, Defendant seeks a downward variance to a time served sentence. Additionally, he seeks placement in a faith-based recovery center. *See generally* Def.'s Mot. 1-13. As support for this request, Defendant recounts

1

the many traumas and hardships he has faced in his life, and their connection with his life-long drug addiction.  *See id.*  What Defendant fails to do, however, is offer any additional justification from the Sentencing Statute, beyond his personal characteristics and need for treatment, to justify the extreme variance from a 33 to 41-month sentence down to a six-month sentence.  Although Defendant seems to argue that his history and characteristics weigh in favor of leniency, the overwhelming weight of the other 18 U.S.C. § 3553 factors militate toward a top of the guideline sentence of 41 months.

**II.   DEFENDANT'S MOTION SHOULD BE DENIED**

The Government requests that this Court impose a guideline sentence of 41 months incarceration in Defendant's substantive case for multiple reasons.  First, Defendant's history and characteristics argue against a low-end guideline sentence.  Additionally, the litany of lenient sentences Defendant has received has done nothing to promote his respect for the law or specifically deter him, as evidenced by his consistent fifteen-year career of violent criminality.  Based on his history, a merciful sentence here will only further encourage criminal conduct.  Lastly, the public should be protected, for as long as possible, from Defendant's drug-fueled depredations.

In determining the sentence to be imposed, the Sentencing Statute requires the district court to consider multiple factors, but several are of note here.  First, the statute calls upon the court to consider the "history and characteristics of the defendant," which clearly dissuades from varying below the guideline range.  *See* 18 U.S.C. § 3553(a)(1).  In the last fourteen years, Defendant has accumulated an impressive record of at least eleven criminal convictions and eleven additional arrests.  PSR ¶¶ 27-37, 43-53.  Put another way, Defendant has been arrested, on average, around every seven and a half months, without fail, since 2009.  Furthermore, these crimes go beyond the

standard thefts seen in tandem with drug dependency, and veer instead into the realm of predatory violence. *See, e.g.* PSR ¶¶ 28, 31, 32, 33, 34, 43, 44, 46, 47, 48, and 51.

Additionally, the Sentencing Statute calls on the sentencing court to consider the need for the sentence imposed to promote respect for the law and afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(A)-(B). Defendant's 22 encounters with law enforcement in the last fourteen years communicate his utter lack of respect for the law. Furthermore, Defendant's recidivism indicates how poorly he reacts to leniency. Indeed, in the instant matter, Defendant waited only six months to reoffend after his merciful 200-day sentence for Theft of Property Less Than $2,500 with Two or More Prior Convictions. *See* ¶ 37. Furthermore, despite committing crimes as heinous as Burglary of a Habitation with Intent to Commit a Felony,[1] Defendant has never received a significant prison sentence. In that case, he was initially sentenced to 10 years probation, but after *committing the exact same serious felony* just one year later, was sentenced to only five years incarceration. ¶¶ 31, 32. This represents the longest sentence Defendant ever received, and more strikingly, the *only significant period of time* Defendant was not committing additional crimes. *See* ¶¶ 31, 32 (detailing the revocation of Defendant's probation on January 8, 2015), ¶ 35 (explaining that Defendant's next law enforcement encounter occurred in 2019). Based on Defendant's demonstrated contempt for the law, anything less than a top of the guideline sentence will thwart the Sentencing Statute's mandate to promote respect for the law and deter future criminal conduct.

Lastly, and most poignantly, the sentencing statute calls upon the court to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). As outlined above, Defendant has committed crime after crime over the last 14 years. But, unlike other Defendants

---

[1] Notably, the felony Defendant intended to commit upon his unlawful entry to the home was *sexual assault*. PSR ¶ 31.

3

that appear before this Court, Defendant has also created victim after victim over that span. The Government asks the Court to consider the following, damning synopsis of Defendant's violent criminal history:

1. 2009 – DWI – 60 days imprisonment [PSR ¶ 27];
2. 2010 – Violation of a Protective Order – Dismissed [PSR ¶ 43];
3. 2010 – Violation of a Protective Order – Dismissed [PSR ¶ 44];
4. 2010 – DWI with Open Container – Dismissed [PSR ¶ 45];
5. 2010 – Violation of a Protective Order – Dismissed [PSR ¶ 46];
6. 2011 – Violation of a Protective Order – 200 days incarceration [PSR ¶ 28];
7. 2012 – DWI Second Offense – 200 days incarceration (Defendant blew a .196 BAC, and was slumped over the wheel of a running car at an intersection) [PSR ¶ 29];
8. 2012 – Assault Causes Bodily Injury to a Family Member – Dismissed (Defendant kicked in his estranged wife's door and threw a soccer ball in her face before fleeing) [PSR ¶ 47];
9. 2013 – Burglary of a Habitation With Intent to Commit a Felony (Sexual Assault) – 10 years probation/revoked/5 years incarceration [PSR ¶ 31];
10. 2014 – Burglary of a Habitation – two years incarceration (Defendant broke into his estranged wife's house and took her cell phone from her when she tried to dial 911) [PSR ¶ 32];
11. 2014 – Violation of a Protective Order – 20 days incarceration [PSR ¶ 33];
12. 2014 – Assault of Family Member by Impeding Breath or Circulation – two years incarceration (Defendant threatened to kill his sister and strangled her in front of her daughter) [PSR ¶ 34]; and
13. 2020 - Assault of a Family or Household Member by Impeding Circulation – Dismissed (Defendant got in a fight with his common law spouse, and in the act of taking her purse away from her violently, he choked her with his elbow) [PSR ¶ 51].

Based on this serious, consistent, shockingly violent history, the Government contends that the only means to protect the public from further crimes of the Defendant is a sentence at the top of the guideline range.

### III. CONCLUSION

For the reasons stated above, the Government argues that a top of the guideline sentence is necessary to satisfy the aims of the Sentencing Statute. Every day Defendant spends behind bars is a day that he is not creating a victim out of a member of the public.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
UNITED STATES ATTORNEY

*/s/   Electronically filed 3/1/2023*
KRISTOPHER DALE JARVIS
Assistant United States Attorney
200 N. Church Street
Las Cruces, NM 88001
(575) 522-2304

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date.
_____/s/_____
KRISTOPHER DALE JARVIS
Assistant United States Attorney